UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PRISCILLA A. LASSERRE                              CIVIL ACTION

VERSUS                                             NO. 15-6934

NANCY A. BERRYHILL, ACTING                         SECTION "S" (2)
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION

### FINDINGS AND RECOMMENDATION

Plaintiff, Priscilla A. Lasserre, filed a complaint in this court against the Social

Security Administration for review of the agency's denial of her application for disability

benefits.  On March 29, 2016, the presiding district judge granted the consent motion of

defendant, Nancy A. Berryhill, Acting Commissioner of the Social Security

Administration (the "Commissioner"),[1] and remanded this matter to the Commissioner for

further proceedings pursuant to the sixth sentence of 42 U.S.C. § 405(g).[2]  Record Doc.

Nos. 18 and 19.

Lasserre filed a "Motion for Fees Under the Equal Access to Justice Act Under 42

USC 405(G) and 28 USC 2412(d)."  Record Doc. No. 21.  The motion was noticed for

submission before me on February 15, 2017, without oral argument.  Local Rule 7.5 of the

---

[1]Counsel for the Commissioner has advised the court that, as of January 23, 2017, Nancy A. Berryhill is Acting Commissioner of the Social Security Administration.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Berryhill should be substituted for Carolyn W. Colvin as the defendant in this matter.  By reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), no further action needs to be taken.

[2]"The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files [her] answer, remand the case to the Commissioner of Social Security for further action by the Commissioner . . . ." Id.

Eastern District of Louisiana requires that memoranda in opposition to a motion be filed and served no later than eight days before the noticed submission date.  Defendant did not file a timely opposition memorandum, but filed a response after plaintiff's counsel advised the court by telephone on the motion submission date that he and defendant's counsel had reached an agreement that the Commissioner would not oppose his motion if he reduced his hourly rate to an agreed-upon lower rate.  The Commissioner confirmed in her response that she had agreed to a rate of $175 per hour and does not oppose a total award of $2,340.63 for 13.375 hours at $175 per hour.  Thus, plaintiff's motion seeking an award of attorney's fees is deemed to be unopposed to the extent the parties have agreed on the hourly rate and the reasonable hours expended.  Accordingly, it is recommended that plaintiff's motion be GRANTED IN PART AND DENIED IN PART as follows.

Lasserre's motion originally sought attorney's fees for work done in this court in the amount of $4,012.50 under the Equal Access to Justice Act ("EAJA").  The Commissioner previously consented to remand of this case and has now consented to an award of $2,340.63 for 13.375 hours at $175 per hour.  The EAJA allows attorney's fees and costs to be awarded to a plaintiff who prevails in a civil action against the United States, as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the

United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis added).

Plaintiff's counsel has established by affidavit that 13.375 hours were expended in work on this matter. Record Doc. No. 21-2 at pp. 2-3. The Commissioner does not contest the number of hours. I have reviewed counsel's affidavit detailing the tasks and time for which he seeks recovery and I find that he reasonably spent 13.375 hours.

Thus, the only issue to resolve with respect to Lasserre's motion is the appropriate hourly rate for the work of her attorney. The EAJA provides that

[t]he amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii) (emphasis added). This provision of the EAJA was amended in March 1996 to increase the statutory ceiling from the previous $75 to the current $125 per hour. Equal Access to Justice Act Amendments, Pub. L. No. 104-121, § 231(b)(1), 110 Stat 847 (1996).

Plaintiff originally requested an hourly rate of $300. Her counsel offered no justification for this more than doubling of the statutorily authorized rate of $125 per hour. However, plaintiff's counsel later advised the court that he had reached an agreement with

3

defendant's counsel to lower his hourly rate.  Defendant's memorandum confirms that she does not oppose a rate of $175 per hour.

Section 406(b) of the Social Security Act addresses "the fees that may be awarded attorneys who successfully represent Social Security benefits claimants in court.  Under 42 U.S.C. § 406(b) . . . , a prevailing claimant's fees are payable only out of the benefits recovered; in amount, such fees may not exceed 25 percent of past-due benefits."  Gisbrecht v. Barnhart, 535 U.S. 789, 792 (2002) (emphasis added) (footnote omitted).  Thus, a Social Security claimant can invoke section 406(b) only when she has obtained a favorable judgment and an award of past-due benefits.  Her attorney's fees are then payable "out of, and not in addition to, the amount of such past-due benefits."  42 U.S.C. § 406(b)(1)(A).  Under this statute, "[f]ees shifted to the losing party . . . are not at issue here.  Unlike . . . [the] EAJA, 42 U.S.C. § 406(b) . . . does not authorize the prevailing party to recover fees from the losing party.  Section 406(b) is of another genre:  It authorizes fees payable from the successful party's recovery."  Gisbrecht, 535 U.S. at 802.

The EAJA allows the prevailing plaintiff to recover her attorney's fees from the United States, the losing party, when her case is remanded to the Commissioner, if the government's position in the litigation was not "substantially justified."  28 U.S.C. § 2412(d)(1)(A).  Fees are awardable regardless whether the claimant ultimately obtains an award of past-due benefits.  In the captioned case, there is no indication in the record at this time that plaintiff has obtained past-due benefits.  If and when she becomes entitled

4

to collect attorney's fees under both statutes by having obtained past-due benefits after remand, the EAJA "effectively increases the portion of past-due benefits the successful Social Security claimant may pocket." Gisbrecht, 535 U.S. at 796.

> Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner:  Fee awards may be made under both prescriptions, but the claimant's attorney must refun[d] to the claimant the amount of the smaller fee.  Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits.

Id. (quotations and citations omitted) (ellipsis and brackets in original); see also Astrue v. Ratliff, 560 U.S. 586, 596 (2010) (citing Gisbrecht, 535 U.S. at 809; Shalala v. Schaefer, 509 U.S. 292, 295-302 (1993)) (Courts commonly award EAJA fees when a case is remanded to the Commissioner for additional proceedings "because § 406(b) fees cannot be determined until the [Commissioner] enters a final benefits ruling.").  Accordingly, at this time, plaintiff may recover attorney's fees only under the EAJA.

The controlling Fifth Circuit authority regarding the hourly rate for fees awarded under the EAJA to a prevailing Social Security plaintiff is Baker v. Bowen, 839 F.2d 1075 (5th Cir. 1988).  Section 2412(d)(2)(A)(ii) specifically mentions cost of living as a factor that may justify an increase in the hourly rate to effectuate the purposes of the statute.  Id. at 1083.  The Fifth Circuit therefore held, "consistent with the great weight of authority,

that Congress did intend to provide an allowance for a cost-of-living increase."  <u>Id.</u> at 1084.

> We note, however, that while the statute clearly allows an adjustment for changes in the cost of living, it does not absolutely <u>require</u> it.  Clearly, by mentioning it in the statute, Congress intended that the cost of living be seriously considered by the fee-awarding court.  Except in unusual circumstances, therefore, **if there is a significant difference in the cost of living since 1981 in a particular locale that would justify an increase in the fee, then an increase should be granted**.

<u>Id.</u> (bold emphasis added).

The EAJA "vests the district courts with discretion to arrive at a reasonable rate for attorneys' fees based on cost-of-living adjustments and other factors.  These factors are market based, not individualized."  <u>Yoes v. Barnhart</u>, 467 F.3d 426, 426 (5th Cir. 2006) (citing 28 U.S.C. § 2412(d)(2)(A)(ii)).  "This increase should generally be automatic, except in 'unusual circumstances.'  The rate need not precisely track the cost of living increase for the geographical area, but instead should be calculated 'only to the extent necessary to ensure an adequate source of representation.'"  <u>Ramos v. Astrue</u>, No. 11-1457, 2012 WL 3637868, at *2 (E.D. La. Aug. 23, 2012) (quoting <u>Baker</u>, 839 F.2d at 1084).

Because the EAJA was amended in March 1996 to increase the statutory ceiling from $75 to $125 per hour, the appropriate time period for which to calculate any cost-of-living increase in the instant case is from March 1996 through 2016, the year in which plaintiff's attorney expended most of the hours working on this case.  <u>Washington v.</u>

Barnhart, 93 F. App'x 630, 631 (5th Cir. 2004); Perales v. Casillas, 950 F.2d 1066, 1076 (5th Cir. 1992); Cavin v. Astrue, No. 12-1144, 2014 WL 28864, at *2 (E.D. La. Jan. 2, 2014); Ramos, 2012 WL 3637868, at *2.

Although Lasserre has provided no evidence of the increase in the cost of living in the New Orleans area since March 1996, the court takes judicial notice, Fed. R. Evid. 201, of information in the Consumer Price Index, U.S. City Averages, which is published by the United States Department of Labor and is available on its website.  U.S. Dep't of Labor, Bureau of Labor Statistics, http://www.bls.gov/ro5/cpiushistorical.pdf.  As other judges of this court have done, I find that this information shows a significant increase in the cost of living of approximately 50 percent, which justifies an increase in the hourly rate for plaintiff's attorney's fees.  See, e.g., Cavin, 2014 WL 28864, at *2 (awarding hourly rate of $175 for work performed through November 2012); Ramos, 2012 WL 3637868, at *2 ($160 per hour for work through May 2011); Thibodeaux v. Astrue, 914 F. Supp. 2d 789, 793 (E.D. La. 2012) ($160 through October 2011); Williams v. Astrue, 2011 WL 5417116, at *2-3 (E.D. La. Oct. 14, 2011) ($160 through May 2011); see also Montgomery v. Colvin, No. 14-3120, 2016 WL 4705730, at *3 (W.D. La. Aug. 16, 2016), report & recommendation adopted, 2016 WL 4705573 (W.D. La. Sept. 8, 2016) (Considering "prevailing market conditions, including the increase in the cost of living, as measured against the healthy community of regional and national social security practitioners willing to accept cases in this area, the court will implement an hourly rate

7

of $175.00 per hour for this, and future EAJA petitions for services performed in 2014 and going forward" in the Western District of Louisiana.); accord Gann v. Colvin, No. 14-189-BAJ-EWD, 2017 WL 385038, at *3 (M.D. La. Jan. 27, 2017) (same in Middle District of Louisiana).

A 50 percent increase in the EAJA's statutory rate of $125 yields an adjusted hourly rate of $187.50. Considering that rate and the recent awards by federal courts in Louisiana cited above, I find that awarding an hourly rate of $175, as agreed upon by the parties, for work performed on this Social Security appeal in 2016 and now into 2017 is reasonable in the New Orleans area legal market and accords with both congressional intent and Fifth Circuit case law regarding cost-of-living adjustments to the EAJA hourly rate.

Applying the hourly rate of $175 to the 13.375 hours of attorney time expended by plaintiff's counsel yields a fee of $2,340.63. Accordingly, plaintiff should receive an award of attorney's fees totaling $2,340.63. EAJA fees are paid directly to the claimant, not to her attorney. Jackson v. Astrue, 705 F.3d 527, 531 & n.11 (5th Cir. 2013) (citing Ratliff, 560 U.S. at 589).

## **RECOMMENDATION**

For all of the foregoing reasons, it is **RECOMMENDED** that plaintiff's motion for attorney's fees be GRANTED IN PART AND DENIED IN PART, and that plaintiff be awarded $2,340.63 in reasonable attorney's fees.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[3]

New Orleans, Louisiana, this _____16th_____ day of February, 2017.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[3] Douglass referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.